FARMERS UNION MUTUAL INSURANCE COMPANY *v.* ASHMORE.

5-2037                                        331 S. W. 2d 104

Opinion delivered January 25, 1960.

*Charles W. Wade,* for appellant.

  *Lasley & Lovett,* for appellee.

SAM ROBINSON, Associate Justice.    Appellee, Boyd Ashmore, filed this action against appellant, Farmers Union Mutual Insurance Company and Peoples Indemnity Insurance Company, alleging that Farmers had issued to Ashmore a fire insurance policy insuring a dwelling in the sum of $3,500 and $1,000 additional insurance on the furniture; that the Peoples Company had issued a policy in the sum of $3,500 on the same dwelling. Ashmore prayed for judgment on a pro rata basis, $1,750 against each insurance company, for loss of the house, and asked for judgment in the additional sum of $1,000 against Farmers for loss of the furniture, and further prayed that if for any reason the policy issued by Peoples was held to be invalid, that he be given judgment against Farmers for $3,500 for loss of the dwelling, the full amount of the policy issued by Farmers, plus 12% penalty and attorney's fee.    Farmers admitted liability for one-half the loss on the house, admitted the loss on the furniture, and deposited $2,750 in court.    Peoples denied that it had any policy in force with Ashmore.

There was a judgment for Ashmore against Farmers for the full amount of $3,500 on the house, $1,000 on the

furniture, 12% penalty thereon and a $500 attorney's fee. Farmers has appealed from that judgment. There was a judgment in favor of Peoples, the court finding that Ashmore had no valid policy with that company.

Ashmore bought the dwelling from a Mr. Wynne. At that time Wynne had the property insured with Peoples. Ashmore had been doing business with Farmers and told Farmers' agent that when the Peoples policy expired in April he would insure the property with Farmers. When that time arrived, a policy was issued to Ashmore by Farmers, but the Peoples Company was not notified, and its agent, Mr. W. W. Kelly, on his own initiative issued a renewal policy to Ashmore and placed it in the mail. However, Ashmore states that at the time of the fire he had not received this policy and had no knowledge that such a policy had been issued. In fact, he did not think he had a policy with Peoples. However, a neighbor informed him that such a policy had been issued and Mr. Ashmore went by to see Mr. Kelly, the Peoples' agent, about the matter. Mr. Ashmore testified: ''I started up here to report the fire and met Mr. Harper and he flagged me down, so I stopped, and he said he was sorry to hear of my house burning up but that he was glad I had a little insurance on it. Well, I just wondered how come him to know I had any and I said, 'Yes, I got a little insurance with Farmers Union,' and he said, 'Well, you have some with Mr. Kelly too.' I said, 'Well, I am not supposed to have—if I have I don't know it.' So then, I went by Mr. Kelly's office and sho' enough he said he had paid it. Well, I gave him back his $35.00 but I have never asked for but the one policy. I figured his intent was good by paying it and I just gave him back his money.''

A jury was waived and the case was tried before the court. The evidence is that Ashmore did not apply for the Peoples policy and did not know that one had been issued. Whether he ratified the issuance of the policy was a question of fact. The court sitting as a jury could have found from the evidence in this case that

Ashmore had no intention of ratifying the policy issued by Peoples. Certainly Ashmore would not be bound by a contract of insurance for which he had not applied and had no intention of ratifying. *Pacific National Fire Ins. Co.* v. *Suit*, 201 Ark. 767, 147 S. W. 2d 346.

Ashmore obtained judgment against Farmers for the full amount asked in the complaint. He is therefore entitled to recover attorney's fee and penalty. We do not think the amount of the attorney's fee fixed by the court is excessive, but we do think it is sufficient to take care of the appeal.

Affirmed.